I concur in the order of reversal and in the opinion as prepared by Mr. Justice Burke, particularly wherein it is stated that this case is controlled by that of Long v. American *Page 796 
Surety Co. 23 N.D. 492, 137 N.W. 41; but I am not prepared to say that sureties are or should be held to be released in every case where there has been a failure to give a notice of default as required by the terms of the bond. In other words, I question the application of the rule, broadly stated in the Long Case, to a situation in which the prejudice sustained by the sureties would not extend to the obligation previously fixed and determined. To illustrate the distinction in mind: Suppose the first default on a depository bond to have been co-incident with the closing of a bank. The bank passes into the hands of a receiver. The insured depositor presents its claim to the receiver and obtains a receiver's certificate which it can readily assign to the sureties, but it neglects for more than ninety days to notify the sureties on the depository bond. The failure to notify in such case could scarcely operate prejudicially to the bondsmen as to the liability which became fixed at the failure of the bank. A notice promptly given would not enable the sureties to reduce the liability or cancel the bond, and they would continue to have the same rights against indemnitors that they had at the time of the failure. As applied to such a situation, it is difficult to see why the failure to give the notice should operate as a complete release. Rather, it seems to me, where there has been a breach of a bond, resulting in a liability for a fixed or determinable amount, the failure to give the notice stipulated for should not wipe out this liability to any greater extent than the prejudice suffered. I think the principle of exoneration to the extent of prejudice, as stated in § 6681 of the Compiled Laws for 1913, is applicable in such a situation. In my opinion, the rule is too broadly stated in the Long Case, but I nevertheless concur in holding that that case is decisive of the present on the facts here involved. It here appears that the first defaults were not brought to the notice of the sureties as required and that during the continuance of the bonds the liability became greater, and they are sought to be held for an amount that they might well have avoided had the contract been complied with. Since the banks continued to function, it is a fair assumption that the sureties, in addition to canceling the bonds as to future liability, might also have compelled the payment of the amount involved in the first defaults in each instance.
Notwithstanding what is said in Long v. American Surety Co. supra, *Page 797 
I am inclined to the view that provisions like the one involved are not conditions precedent to liability on the part of sureties, unless expressly or clearly made so. They are obligations which frequently are not broken until a loss has already occurred for which a liability has ensued. A breach of such an obligation should not release the surety from liability but should exonerate him only to the extent to which he is prejudiced by the failure of the obligee to give the required notice. Section 6681, supra. The question, however, is not an original one in this jurisdiction.
CHRISTIANSON, Ch. J., and JOHNSON, J., concurs.